APR-12-2006  15:12       US ATTORNEY'S OFFICE                      202  353 9415   P.02/04

## HONORABLE JAMES ROBERTSON, UNITED STATES DISTRICT JUDGE

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

# FILED

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Docket No.: CR-05-0274-01** |
| | : | |
| **vs.** | : | **SSN:** SEALED |
| | : | |
| **Collins, Vincent** | : | **Disclosure Date: March 15, 2006** |

## RECEIPT AND ACKNOWLEDGMENT OF
## PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_Michael D. Gattin_         _April 12, 2006_
**Prosecuting Attorney**        **Date**

### For the Defendant

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____        _____
**Defendant**      **Date**       **Defense Counsel**      **Date**

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **March 29, 2006**, to U.S. Probation Officer **Deborah A. Stevens-Panzer**, telephone number **(202) 565-1422**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

## FOR THE COURT

**By:** Richard A. Houck, Jr., Chief
United States Probation Officer

## Government's Statement of Inaccuracies in the Presentence Investigation Report

The PSI Report correctly identifies U.S.S.G. § 2E1.3(a)(2) as the starting point for determining the base offense level. That provision, in the context of this case, establishes that the base offense level is "the offense level applicable to the underlying crime or racketeering activity." The PSI Report implicitly indicates that "the underlying crime or racketeering activity" was assault with intent to commit murder or attempted murder, and accordingly refers to U.S.S.G. § 2A2.1(a)(1) while concluding that the appropriate base offense level is 33. See PSI at p.9, ¶31. After subtracting three levels for acceptance of responsibility, the PSI Report then calculates the total offense level as 30. See PSI at p.10, ¶39.

Preliminarily, the government does not agree that U.S.S.G. § 2A2.1(a)(1), the Guideline provision covering assault with intent to commit murder and attempted murder, is the correct provision by which to determine the base offense level. Assuming for the sake of argument that it is, however, that provision establishes a base offense level of 28, not 33. Assuming, again, that the base offense level should be determined be resorting to U.S.S.G. § 2A2.1(a)(1), the total offense level, after appropriate adjustments for acceptance of responsibility, would be 25, and not 30.

The government's position is that the most analogous crime to conspiracy to commit violent crimes in aid of racketeering activity, the federal crime to which the defendant entered a guilty plea, is conspiracy to commit murder, which is governed by U.S.S.G. § 2A1.5. That provision establishes a base offense level of 28 (U.S.S.G. § 2A1.5(a)), but through a cross reference instructs that "[i]f the offense resulted in the death of a victim, apply § 2A1.1." U.S.S.G. § 2A1.5(c)(1). Section 2A1.1, which governs first-degree murder, establishes a base offense level of 43. That is the base offense level, in the government's view, that is applicable in this case. Thus, the government calculates the defendant's total offense level, after a three level reduction for acceptance of responsibility, at 40.

As noted, the defendant entered a guilty plea to conspiracy to commit violent crimes in aid of racketeering activity. Pursuant to 18 U.S.C. § 1959(a)(5), that crime carries a maximum penalty of a term of imprisonment of not more than 10 years. Because that statutorily authorized maximum sentence (10 years) is less than the minimum of the applicable Guideline range for any offense at level 40, regardless of the criminal history score, that 10 year (120 month) sentence is the Guideline sentence for the federal offense. See U.S.S.G. § 5G1.1(a).

Accordingly, although it is purely an academic point, the government disagrees with the conclusion in the PSI Report that, but for the statutory maximum of 120 months, the defendant faces a Guideline sentence for the federal offense of 168 to 210 months. See PSI at p.18, ¶76. Instead, with a total offense level of 40, and a place in Criminal History Category VI, the defendant is facing a Guideline sentence – but for the statutory maximum of 120 months – of 360 months to life for the federal offense. Either way, the government agrees with the conclusion in the PSI Report that the statutory maximum of 120 months trumps other Guideline calculations and becomes the Guideline sentence for the federal offense. See PSI at p.18, ¶76.

With regard to the defendant's additional guilty plea to unauthorized use of a motor vehicle, the government agrees that the sentence to be imposed for that offense – a D.C. Code offense – is

not governed by the federal Sentencing Guidelines. For that offense the Court, in its discretion, may impose the maximum sentence authorized by statute and may run that sentence consecutive to the sentence imposed for the federal offense. Conversely, the Court, in its discretion, may suspend imposition of sentence or run whatever sentence it imposes concurrent with the sentence it imposes for the federal offense. The PSI Report correctly notes that Superior Court Sentencing Guidelines are purely voluntary in nature. See PSI at p.9, ¶30. Thus, while we agree with the Superior Court Guideline analysis set forth in the PSI Report, PSI at p.19, ¶78, we note that the Court is not obligated to follow that analysis and, again, may lawfully impose the maximum sentence authorized by statute and may run that sentence consecutive to the sentence imposed for the federal offense.

Probation Officer Stevens-Panzer also noted in her report that "Damian May and Clabe Walker were the victims of this conspiracy." See PSI at p.8, ¶25. In this regard that government notes that a third individual, Tyrone Garrett, was nearly killed in the course of the conspiracy. See PSI at p.6, ¶13. Although the defendant did not himself fire one of the guns that killed May and Walker, or participate in the shooting that also targeted Garrett, he was part of a rapidly formed conspiracy that, in a matter of days, resulted directly in the murders of May and Walker. In any event, in addition to May and Walker, Garrett, should be identified as one of the victims of the criminal conduct in issue.